UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

MONICA RHODES,

    Petitioner,

v.                                                      CASE NO.:

PENSACOLA FACILITY OPERATIONS,
LLC dba CONSULATE HEALTH CARE
OF PENSACOLA

    Respondents.
_____/

**PETITION TO COMPEL ARBITRATION**

COMES NOW, the Petitioner, MONICA RHODES ("Petitioner" or "Ms. RHODES"), by and through her attorneys, The Watson Firm, PLLC, and brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (the "Petition"), to compel arbitration of the nursing-home negligence related claims against Respondent PENSACOLA FACILITY OPERATIONS, LLC d/b/a CONSULATE HEALTH CARE OF PENSACOLA ("Respondent" or "CONSULATE") in accordance with the arbitration provision entered into by the parties hereto. For her Petition, Ms. RHODES alleges as follows:

**JURISDICTION AND VENUE**

1. At all relevant times, Petitioner was an individual with her residence in Escambia County in the State of Florida.

2. At all relevant times, Respondent was a Limited Liability Company formed under the laws of the state of Florida.

3. At all relevant times, Respondent, PENSACOLA FACILITY OPERATIONS, LLC, was doing business as CONSULATE HEALTH CARE OF PENSACOLA in Escambia County in the State of Florida.

4. This controversy arises out of Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over this controversy pursuant to 9 U.S.C § 2 as this Petition concerns a transaction that involves commerce and a contract to settle controversies arising out of said contract by arbitration. (*See* Exhibit "A" Optional Arbitration Agreement)

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Petitioner is domiciled in Pensacola, Florida. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) as the events of which Petitioner complains are alleged to have occurred in Pensacola, Florida.

## FACTUAL ALLEGATIONS

7. In May of 2017, and again in April of 2018, Petitioner RHODES began residency terms at the CONSULATE facility located at 235 W. Airport Blvd. in Pensacola, Florida, primarily for recovery and care from medical procedures and health related issues.

8. While under CONSULATE'S care, Petitioner RHODES suffered bodily and mental injury as a direct result of the actions and omissions of Respondent, its management, employees, and agents.

## THE ARBITRATION AGREEMENT

9. Pursuant to an arbitration agreement between the parties, arbitration of Petitioner's claim is mandated.

10. On April 23, 2018, MONICA RHODES and CONSULATE entered into a binding arbitration agreement (hereinafter "the Arbitration Agreement").

11. The Arbitration Agreement attached at Exhibit A stated as follows:

> It is further understood that in the event of any controversy or dispute between the parties in excess of $15,000 arising out of or relating to Facility's Admission Agreement, or breach thereof, or relating to the provisions of care or services to Resident, including but not limited to any alleged tort, personal injury, negligence or other claim; or any federal or state statutory or regulatory claim of any kind; or whether or not there has been a violation of any right or rights granted under State law (collectively "Disputes"), and the parties are unable to resolve such through negotiation, then the parties agree that such Dispute(s) shall be resolved by binding arbitration, as provided by the State Arbitration Code where Facility is located.

12. Despite several requests by Petitioner to initiate arbitration, Respondent refuses to participate in arbitration pursuant to the valid arbitration contract entered into by the parties.

13. On February 24, 2021, counsel for CONSULATE sent an email designating Petitioner's proposed arbitrators. (*See* Exhibit "B" Email). However, since prior counsel for CONSULATE was replaced with a new attorney, Respondent refuses to move forward with arbitration.

14. On December 13, 2021, Petitioner sent a Final Notice of Intent to Initiate Arbitration requesting that CONSULATE designate its chosen arbitrator to no avail. (*See* Exhibit C, Final Notice).

15. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C., this Court has authority to compel Respondent to arbitrate all disputes between the parties.

16. As this Court has the authority to compel arbitration in Pensacola, Florida under the Federal Arbitration Act, Ms. Rhodes files her Petition pursuant to Section 4 of the Federal Arbitration Act.

17. Because the Federal Arbitration Act (FAA) mandates that district courts "shall direct the parties to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View*

*Hotel Group Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000).

18. The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration. *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 91-92 (2000). As Respondent is resisting arbitration, it bears the burden of proving that the claims at issue are unsuitable for arbitration.

19. The Supreme Court has explained that the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25 (1983). The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements" and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Id.* To this end, a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Pennzoil Exploration and Production Co. v. Ramco Energy Ltd.,* 139 F.3d 1061, 1067 (5th Cir. 1998).

## FIRST CLAIM
**(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)**

20. Petitioner incorporates and realleges paragraphs 1 through 16 above as if fully set forth herein.

21. The Arbitration Agreement attached as Exhibit "A" is a valid and enforceable contract.

22. Petitioner and Respondent voluntarily agreed to the terms of the Arbitration Agreement.

23. All of the claims brought by Petitioner concerning her personal injuries fall within the scope of the Arbitration Agreement, which requires any and all disputes relating to Ms. RHODES' care to be subject to the arbitration agreement.

24. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C., this Court has authority to compel Respondent to arbitrate all claims.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner MONICA RHODES requests this Court to:

1. Issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling the arbitration of all claims in Petitioner's Notice of Claim and Intent to Arbitrate before a mutually selected three-member arbitration panel and held in Pensacola, Florida in accordance with the rules of the American Arbitration Association, as well as any and all other claims that could be brought against CONSULATE that arise out of or relate to Petitioner's treatment.

2. Grant any other relief in favor of Petitioner that it deems just and proper.

Dated: March 2, 2022

Respectfully submitted,

/s/ Aaron L. Watson
Aaron L. Watson, Esq.
Florida Bar No.: 0071091
Ashley M. Armstrong, Esq.
Florida Bar No. 1022407
THE WATSON FIRM, PLLC
850 S. Palafox Street, Suite 202
Pensacola, FL  32502
Tel.: 850.607.2929
Fax: 850.607.2055
E-mail: awatson@watsonfirm.com
E-mail: aarmstrong@watsonfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** on this 2nd day of March 2022, that the foregoing Petition was filed electronically via the ec/emf electronic filing system and will be sent out for service of process upon the Respondent this same day.

/s/ Aaron L. Watson
Aaron L. Watson, Esq.
THE WATSON FIRM, PLLC

*Attorneys for Plaintiffs*